# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1717V

| | |
|---|---|
| LISA PLAZA,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 22, 2023 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 1, 2020, Lisa Plaza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on September 27, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 23, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On September 22, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $49,192.88 (comprised of $49,000.00 for pain and suffering, and $192.88 for past unreimbursable expenses). Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $49,192.88 (comprised of $49,000.00 for pain and suffering, and $192.88 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LISA PLAZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1717V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF (SPU) |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 1, 2020, Lisa Plaza ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a flu vaccine administered on September 27, 2019. Petition at 1.  On April 4, 2022, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report, recommending that entitlement to compensation be denied because petitioner had not preponderantly established that she suffered the residual effects of her alleged injury for more than six months after the administration of the vaccine to satisfy the severity requirement under the Act and because petitioner's onset of left shoulder pain was not clearly within 48 hours of vaccination.  ECF No. 26.  On August 23, 2023, the Chief Special Master issued a Ruling on Entitlement.  ECF No. 39.  Specifically, the Chief Special Master found that "severity [wa]s established on this record," and that "there [wa]s preponderant evidence that establishe[d] the onset of [p]etitioner's left shoulder pain more likely than not occurred within

48[]hours of vaccination." ECF No. 39 at 5, 7. He further found that petitioner "established that she suffered a Table SIRVA" and "satisfied all other requirements for compensation." *Id.* at 7.

### I. Items of Compensation

    A.    <u>Pain and Suffering</u>

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, Lisa Plaza should be awarded $49,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.[1]

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Lisa Plaza's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded past unreimbursable expenses in the amount of $192.88, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Lisa Plaza should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 23, 2023 entitlement ruling and underlying factual findings.

the Court's judgment award the following[2]: a lump sum payment of $49,192.88, representing compensation for pain and suffering ($49,000.00), and past unreimbursable expenses ($192.88), in the form of a check payable to petitioner, Lisa Plaza.

### III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Lisa Plaza:  **$49,192.88**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  September 22, 2023

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.